1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7

8
9
10
11
12

SARA W.,

                    Plaintiff,

        v.

COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.

CASE NO. C24-5868-BAT

**ORDER AFFIRMING THE COMMISSIONER'S FINAL DECISION AND DISMISSING THE CASE WITH PREJUDICE**

13

14

15

16

17

18

Plaintiff appeals the denial of her applications for Supplemental Security Income and Disability Insurance Benefits. She contends the ALJ harmfully erred by discounting evidence, particularly plaintiff's testimony, about limitations related to migraines and irritable bowel syndrome ("IBS"), when assessing residual functional capacity ("RFC") and analyzing step five of the sequential evaluation. Dkt. 11. The Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

19

**BACKGROUND**

20

21

22

23

Plaintiff is currently 33 years old, has at least two years of college education, and has worked as a pharmacy technician, a service dispatcher, and food sales clerk. Tr. 42, 60, 87. In April 2021, she applied for benefits, alleging disability as of March 21, 2021. Tr. 88–89. Her

applications were denied initially and on reconsideration. Tr. 65–128. The ALJ conducted a

January 2024 hearing and issued a decision on February 21, 2024. Tr. 17–29, 35–64.

The ALJ found plaintiff meets the insured status requirements of the Social Security Act

through December 31, 2027. Tr. 19. The ALJ found that plaintiff engaged in substantial gainful

activity ("SGA") from July 1, 2023 through September 30, 2023; from July 1, 2022 through

September 30, 2022; from April 1, 2022 through June 30, 30, 2022; from January 1, 2022

through March 31, 2022; and from October 1, 2021 through December 31, 2021. Tr. 19–20.

Furthermore, the ALJ determined there has not been a continuous 12-month period during which

plaintiff did not engage in SGA, and that she worked as a baker for nine months to a year,

departing due to an interpersonal difference with a coworker. Tr. 20; *see* Tr. 44–45. The ALJ

found plaintiff has the following severe impairments: major depressive disorder; anxiety

disorder; attention-deficit hyperactivity disorder ("ADHD"); obesity; obstructive sleep apnea;

post-traumatic stress disorder ("PTSD"); migraine; autism spectrum disorder; IBS with diarrhea;

and trauma/stressor-related disorder. Tr. 20. The ALJ determined plaintiff does not have an

impairment or combination of impairments that meets or medically equals a listed impairment.

Tr. 21. The ALJ determined plaintiff has the RFC to perform a range of medium work with

additional physical, postural, and mental limitations, including: she can stand/walk for about six

hours and sit for up to six hours in an eight-hour workday, with normal breaks; she cannot

tolerate exposure to unprotected heights and use of dangerous moving machinery; she can

perform simple, routine, and repetitive tasks in a work environment free of production-rate pace

requirements, involving only simple work-related decisions and routine workplace changes; and

she can tolerate no direct interaction with the public and only occasional interaction with

coworkers. Tr. 23. The ALJ found plaintiff cannot perform any past relevant work. Tr. 28.

Nonetheless, the ALJ determined plaintiff can perform jobs that exist in significant numbers in the national economy, such as machine packager, house cleaner, and laundry worker. Tr. 28–29. The ALJ therefore found plaintiff not to be disabled. Tr. 29. As the Appeals Council denied plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. Tr. 1–4.

**DISCUSSION**

The Court will reverse the ALJ's decision only if it is not supported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. § 404.1502(a). The ALJ's decision may not be reversed on account of an error that is harmless. *Id.* at 1111. Where the evidence is susceptible to more than one rational interpretation, the Court must uphold the Commissioner's interpretation. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ erroneously discounted the evidence and plaintiff's testimony about the limiting effects of her severe impairments of migraines and IBS when determining RFC and evaluating step five of the sequential analysis. The Court finds plaintiff has failed to demonstrate the ALJ's decision was unsupported by substantial evidence or the result of a misapplication of the law.

The ALJ accurately characterized plaintiff's testimony about plaintiff's physical symptoms regarding migraines and IBS. Tr. 24. The ALJ noted plaintiff reported migraines/headaches since she was a child, which occurred a couple of times per week or a few times per month, lasting 4 to 8 hours, with associated photosensitivity, nausea, and dizziness

despite preventative and rescue medication.[1] Tr. 24. The ALJ also noted plaintiff reported

gastrointestinal issues, such as diarrhea, and testified she can have several episodes of diarrhea

per day. Tr. 24. The ALJ limited plaintiff to medium exertion with an inability to climb ladders,

ropes, or scaffolds, as well as an inability to tolerate exposure to unprotected heights and use of

dangerous moving machinery. *Id.* The ALJ found further physical restrictions to be unwarranted

because plaintiff's symptom testimony regarding migraines and IBS was inconsistent with

(1) the objective medical evidence; (2) plaintiff's work activities; (3) plaintiff's conservative

treatment; and (4) plaintiff's daily activities. Tr. 20, 24, 26. These were specific, clear and

convincing reasons to discount plaintiff's testimony about the severity of her symptoms. *See*

*Molina*, 674 F.3d at 1112.

      First, the ALJ reasonably found the objective medical evidence did not support plaintiff's

allegations of debilitating symptoms. Tr. 24. That is, despite abnormalities on examinations, the

largely unremarkable objective findings indicated the presence of greater functionality than

alleged. *Id.* For example, plaintiff's physical examinations were generally unremarkable,

showing plaintiff not distressed and with normal gait, balance, coordination, strength, range of

motion, sensation, and reflexes; plaintiff has had an unremarkable head CT and unremarkable

neurological examinations with negative workup/no deficits present. *Id.* (citing, *inter alia*, Tr.

389, 392, 1564, 2918–19, 3043, 3508, 3513–15, 3517). The ALJ observed the objective evidence

did not suggest plaintiff must lie down for 4 to 8 hours during headaches and such a restrictive

---

[1] Plaintiff suggests that the ALJ misrepresented her testimony by referring to migraines occurring both a couple of times per week and a couple of times per month, as well as referring to the migraines lasting only 4 to 8 hours or longer rather than 6 to 8 hours. Dkt. 11, at 4 nn. 1, 2. Plaintiff's characterization is incorrect. The ALJ was referring to the differing representations plaintiff made in 2024 hearing testimony versus plaintiff's responses to a 2022 headache questionnaire. *Compare* Tr. 24 *with* Tr. 53 (6–8 hours several times per week) *and with* Tr. 298–99 (4–8 hours a few times a month).

ORDER AFFIRMING THE COMMISSIONER'S FINAL DECISION
AND DISMISSING THE CASE WITH PREJUDICE - 4

1    limitation would have been discussed in the medical records. *Id.* Moreover, gastroenterology

2    visits were unremarkable with negative workup. *Id.* (citing, *inter alia*, Tr. 711–13, 756–58, 916,

3    927–28, 1151).

4         Second, the ALJ reasonably found plaintiff's extensive work activities, which she

5    performed after the alleged onset date, undermined her testimony about the severity of her

6    migraine and IBS symptoms. Tr. 20, 26. It is undisputed plaintiff engaged in work activities that

7    rose to SGA-level on multiple occasions. Tr. 20. Plaintiff did not describe "any special work

8    conditions, assistance from others, special equipment, irregular hours, authorized rest periods,

9    lower productivity standards, or special relationships with her employers" in those positions. *Id.*

10   For example, plaintiff's work as a baker for nine to twelve months ended due to interpersonal

11   differences, not due to a lack of accommodation for migraine or IBS symptoms. Tr. 20 (citing Tr.

12   44–45).

13        Third, the ALJ reasonably considered the conservative treatment of plaintiff's IBS and

14   migraine conditions in partially discounting plaintiff's migraine and IBS symptoms. Tr. 24–25;

15   *see Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007); *Warre v. Commissioner of SSA*, 439 F.3d

16   110, 1006 (9th Cir. 2006). The ALJ noted plaintiff "only uses over-the-counter medication for

17   gastrointestinal issues, which are effective." Tr. 24 (citing Tr. 55). Similarly, although plaintiff

18   complained about the ineffectiveness of using preventative and rescue medication to treat the

19   migraines she has suffered since childhood, the ALJ determined the unremarkable physical

20   examinations, lack of restrictions at work and in the medical record due to migraines or IBS, and

21   conservative treatment in general undermined plaintiff's assertion of greater restrictions. Tr. 20,

22   24–25.

23

ORDER AFFIRMING THE COMMISSIONER'S FINAL DECISION
AND DISMISSING THE CASE WITH PREJUDICE - 5

Fourth, the ALJ reasonably found plaintiff's activities of daily living undercut her allegations of debilitating limitations. Tr. 26. Plaintiff could clean her apartment, do laundry, prepare meals, care for pets, drive, shop in stores, run errands, manage finances, work at levels above SGA at times, watch television, read, listen to music, color, bake, attend group therapy, and travel to the coast. Tr. 26 (citing Tr. 42–52, 54–55, 57, 276–77, 286, 360, 387, 433, 455, 471, 477, 480, 1129, 1131–33, 1190, 1307, 3149, 3161, 3162, 3181, 3190, 3198, 3207, 3216, 3223, 3231, 3260). Although such activities of daily of living taken alone might not contradict the level of severity plaintiff asserts with respect to migraines and IBS, it was not irrational for the ALJ to conclude "[h]er ability to engage in such activities *along with other evidence discussed above* indicates that she retains more ability than alleged." Tr. 26 (emphasis added).

Plaintiff offers an alternative interpretation of the ALJ's reasonable assessment of the medical and testimonial evidence. For example, plaintiff argues evidence of a June 2023 visit to the emergency room for a migraine supports her testimony of suffering migraines for 6 to 8 hours in duration. Dkt. 11, at 7; Tr. 53, 57. There is no question, however, that the ALJ accepted migraines as a severe impairment at step two. Tr. 20. The ALJ discounted the extent to which the severity of plaintiff's migraine-related symptoms was consistent with the evidence in the record, such as the absence of any medical recommendation that plaintiff be offered the opportunity to lie down for 4 to 8 hours at the onset of a migraine, and undisputed evidence plaintiff worked at SGA levels for nine to twelve months without any indication of having been accommodated physically and then leaving the job for reasons entirely unrelated to her physical limitations. Tr. 20, 24; *see* SSR 19-4p, 2019 WL 4169635, at *3 ("We consider the extent to which the person's impairment-related symptoms are consistent with the evidence in the record. . . . Consistency and supportability between reported symptoms and objective medical evidence is key in assessing the

RFC."). Similarly, plaintiff refers entirely to her own complaints of IBS severity in support of her need to frequently use the restroom. Dkt. 11, at 13–14; *see Molina*, 674 F.3d at 1112 ("[T]he ALJ is not required to believe every allegation of disabling pain, or else disability benefits would be available for the asking . . . .") (citation and quotation marks omitted). The ALJ rejected conclusory medical notes about plaintiff needing time off from work in July 2023 due to vomiting (presumably from an "influenza like illness) and diarrhea due to gastroenteritis because they referred to a temporary condition and included no function-by-function analysis of limitations, as well as work restrictions for frequent restroom access during her shift due to IBS because such restrictions were inconsistent with physical examinations and demonstrated functional abilities, including at times working 40 hours per week at SGA levels. Tr. 27 (citing Tr. 2995); *see* Tr. 3000.[2] It is significant plaintiff does not here challenge the ALJ's evaluation of the medical opinions. The state agency medical consultant's prior administrative medical finding concluded plaintiff could perform the full range of medium work. Tr. 101–02, 119–21. The ALJ determined that finding to be only partially persuasive, determining plaintiff's migraines and IBS supported *greater* postural and environmental limitations. Plaintiff is unable to demonstrate that the only reasonable reconciliation of the medical evidence is to accept plaintiff's allegations of debilitating migraines and IBS when the ALJ imposed greater limitations due to these severe impairments than did the unchallenged, prior administrative medical finding. The ALJ's decision to discount the severity of plaintiff's symptoms due to migraines and IBS was reasonable and therefore must be upheld. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir 2006).

---

[2] The purpose of plaintiff's visit was "[t]o schedule workplace accommodations" and the physician agreed with plaintiff's requests to work no more than 30 hours per week due to autism and accommodations for IBS because plaintiff felt that "her IBS symptoms may cause frequent trips to the restroom." Tr. 3000. Nonetheless, the physician noted: "She does manage IBS with diet and lifestyle but does have some days where she has multiple loose stools per day." *Id.*

ORDER AFFIRMING THE COMMISSIONER'S FINAL DECISION
AND DISMISSING THE CASE WITH PREJUDICE - 7

Because the ALJ cited specific, clear and convincing reasons for discounting plaintiff's testimony regarding migraines and IBS, and plaintiff has failed to undermine the reasonableness of the ALJ's evaluation of the evidence, her challenge to the RFC assessment and the step five analysis fails. The ALJ reasonably assessed plaintiff's RFC by concluding that plaintiff's allegations of debilitating migraines and IBS were undermined by the objective medical evidence, work activities, conservative treatment, and daily activities. Thus, plaintiff's challenge to the step five analysis—based entirely on restating the argument that the ALJ should have assessed a more restrictive RFC due to greater restrictions caused by migraines and IBS—is unpersuasive. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175–76 (9th Cir. 2008). Plaintiff cannot demonstrate that the ALJ's decision was unsupported by substantial evidence or was the result of a misapplication of the law.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

DATED this 2nd day of May, 2025.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge